

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Williamson Co*

Honorable W. K. McClain
Criminal District Attorney
Georgetown, Texas

Dear Sir:

Opinion No. O-1056
Re: Does the Granger Independ-
ent School District, created by
a special act of the Legislature,
have authority to purchase a
school bus for the purpose of
transporting students in the
Granger Independent School Dis-
trict and high school students
from the adjoining common
school districts?

This will acknowledge receipt of your request of June 28,
1939, wherein you propound the following proposition:

"Does the Granger Independent School District, created
by a special act of the Legislature have the authority to
purchase a school bus for the purpose of transporting
students in the Granger Independent School District and
high school students from the adjoining common school
districts?"

By virtue of Chapter 12, H. B. No. 23, p. 512, 1st C. S.
of the 35th Legislature, 1917, the Granger Independent School
District was created, and as found on p. 515, the following auth-
ority is given to the Board of Trustees of said District:

"The Board of Trustees of the Granger Independent
School District, here created, shall have authority to
purchase grounds, to erect buildings, to repair school
houses, to purchase apparatus, to employ teachers and
superintendents, and to do all other things incident to
and necessary in the establishment and maintenance of an
efficient system of schools."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. W. K. McClain, Page 2

Section 10 of the Rural Aid Law of 1937 makes provision for the payment of high school tuition not to exceed $7.50 per month, and Section 11 of the said act provides that the county superintendent and county school board are authorized to set up a system of transportation for the purpose of transporting high school pupils from their district, to the nearest convenient accredited high school. This section also provides for the payment of transportation of such students from the rural aid fund not to exceed $2.00 per month.

Article 2687a of the Revised Civil Statutes, now in force and effect, provides that the trustees of any school district, common or independent, may contract for the transportation of their high school students.

Article 2678a of the Revised Civil Statutes, with reference to the classification of schools by the county board of school trustees, has this pertinent statement therein:

". . . In the event any school is so classified that a resident high school student within the free school age cannot receive instruction in his home district, his tuition for the number of months attended in any other high school recognized by either county or state shall be paid by warrants drawn by the local board of trustees on funds of said district and approved by the county superintendent. . ."

Article 2696, Revised Civil Statutes of Texas, 1925, and now in force and effect, provides for the transfer of students to any district in the county, etc. This provision has to do with the transfer of the child from one district to another in order that the child may attend a school as is most convenient for him to attend. And it would not be amiss to add that the whole system of public free school education is directed and tends toward the point that every child, regardless of where he may live in any school district in any county in Texas, may be given so far as possible the advantage that the child in any other section of any county or school district in Texas receives with reference to a free public school education.

Article 2815, Revised Civil Statutes, 1925, provides with reference to consolidated school districts as follows:

"When in their judgment it is deemed necessary or expedient, said trustees may provide for the transportation of pupils to and from any elementary school or high school

Hon. ~. K. McClain, Page 3

of the district whereupon such pupils may be in attend-
ance, and trustees are hereby empowered to employ trans-
portation vehicles and drivers for such service, paying
the cost thereof out of the local maintenance fund of the
district or out of such other funds as may be appropriated
for this purpose."

This Department in an opinion addressed to Hon. R. E. Jam
First Assistant State Superintendent, dated August 8, 1935, found
in Volume 366, Letter Opinions, page 211, held that:

"When scholastics are transferred from one district
to another the receiving district may provide transporta-
tion for the transferred scholastics and may send a bus
into the sending district for such scholastics."

We, therefore, hold that the Granger Independent School
District is unquestionably authorized by law to purchase a bus to
transport its own students to and from school, but in so doing
they must, of course, comply with such restrictions as are set out
under the law.

And we further hold that in cases where a county-wide
system of bus transportation has been set up, as is provided by
the rural aid law, in our opinion, there is ample authority for the
receiving school district to purchase the bus for the purpose of
transporting students of the high school age of its own district
and those of the district where the children reside outside of the
home district that are in attendance at the Granger Independent
School District School.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Geo. S. Berry
Assistant

CSB:N

APPROVED AUG 9, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN